Filed 2/8/21  P. v. Lopez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075505 |
| v. | (Super.Ct.No. PEF04225) |
| JOHN LOPEZ, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In June 1997, a woman who was six months pregnant was on the shoulder of a road, trying to push her car while steering through her open driver's door.  A truck driven by defendant and appellant John Lopez, Jr., sideswiped the car, killing the woman and

1

her unborn child.  Defendant's three-year-old son was riding unsecured in the truck but was not injured.  Defendant's preliminary blood-alcohol test results were 0.204 percent and 0.195 percent.

A jury found defendant guilty of two counts of murder (Pen. Code, § 187, counts 1 & 2), causing bodily injury of another while driving under the influence (Veh. Code, § 23153, subd. (a), count 3), causing bodily injury of another while driving with a blood-alcohol content of 0.08 percent or more (Veh. Code, § 23153, subd. (b), count 4), and endangering a child in circumstances likely to cause great bodily injury (Pen. Code, § 273a, subd. (a), count 5).  Defendant pled guilty to count 6, driving with a suspended or revoked license.  (Veh. Code, § 14601.2, subd. (a).)

In August 1998, the court sentenced defendant to four years in state prison for the child endangerment conviction (count 5), a term of 15 years to life on count 1 to run consecutive to count 5, and a term of 15 years to life on count 2, to run concurrently.  As to counts 3 and 4, the court imposed but stayed pursuant to Penal Code[1] section 654 two-year terms for each conviction, and defendant received 365 days of credits that fulfilled the sentence of one year in county jail for the misdemeanor count of driving without a license.

In 2018, the Legislature enacted section 1170.95 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019), a provision that authorizes a person convicted of felony murder or murder

---

[1]  All further statutory references are to the Penal Code.

under a natural and probable consequences theory to file with the sentencing court a petition to vacate the conviction and be resentenced.

On January 22, 2019, defendant filed a section 1170.95 petition for resentencing. Defendant was not present but was represented by counsel on July 17, 2020, when the petition was denied on the grounds that defendant was the actual murderer. Defendant appealed, and this court appointed counsel to represent him.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, that sets forth statements of the case and facts, and requests this court to independently review the entire record on appeal. We offered defendant an opportunity to file a personal supplemental brief, which he has done.

In a handwritten letter, defendant contends he was convicted on an incorrect charge, that his motion for a new trial should not have been denied, and that his section 1170.95 petition should have been granted. He also states that he is sober and has served his sentence and suggests he should be released.

We do not address the merits of defendant's claims concerning the charges upon which he was convicted or the denial of his motion for a new trial. The time for seeking review of those issues has long since passed. (Cal. Rules of Court, rule 8.308(a) [an appeal must be brought within 60 days after rendition of the judgment].)

We affirm the trial court's denial of defendant's section 1170.95 petition for resentencing because defendant was the sole and direct cause of the death of the pregnant woman and her unborn child. By its terms, section 1170.95 applies only to convictions obtained by employment of the felony murder doctrine or the natural and probable consequences doctrine. (§ 1170.95, subd. (a).) The statute does not apply here because defendant's conviction was not based upon either of those doctrines. Defendant cites *People v. Lopez* (2019) 38 Cal.App.5th 1087, in support of his claim that the court erred when it denied his resentencing petition. That case is inapposite because the two murder convictions involved there were obtained using the theories of aider and abettor liability under the natural and probable consequences theory. (*Id.* at p. 1092.)

Defendant's suggestion that he should be released because he is sober, remorseful, and has served his sentence is not a matter before this court. To the extent, if any, that there is an issue concerning defendant's suitability for release, it is a matter to be raised with the Department of Corrections and Rehabilitation.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RAMIREZ _____
P. J.

We concur:


MILLER _____
J.


FIELDS _____
J.